# THE UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| In re:<br><br>**FIRED UP, INC**<br><br>Debtor. | Case No. 16-10816-tmd<br><br>(Chapter 11) |
| **FIRED UP, INC,** a Texas corporation,<br><br>Plaintiff,<br><br>v.<br><br>**THE TRAVELERS INDEMNITY COMPANY**, a Connecticut corporation, **TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA**, a Connecticut corporation, and **PROSPERITY BANK**, a Texas state financial institution.<br><br>Defendants. | Adv. Pro. No. 19-01072 |

**DEBTOR'S RESPONSE TO DEFENDANTS THE TRAVELERS INDEMNITY COMPANY AND TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S MOTION TO DISMISS UNDER RULE 12(b)(1) and 12(b)(6)**

Fired Up, Inc., the reorganized debtor in the above-captioned bankruptcy case (the "Debtor"), as plaintiff in the above-captioned adversary proceeding, by and through undersigned counsel, respond to the Defendants The Travelers Indemnity Company and Travelers Property Casualty Company of America's Motion to Dismiss under Rule 12(B)(1) and 12(B)(6) [Adv. Dkt. No. 12] (the "Motion") as follows:[1]

---

[1] Capitalized terms used but not defined herein have the meanings given to such terms in the Motion or Complaint, as applicable.

**PRELIMINARY STATEMENT**

1. Travelers' asserts ultimately that the Court cannot implement the Debtor's Amended Plan of Reorganization dated December 11, 2019 (the "Plan") and adjudicate the Travelers' rights with respect to matters central to administration of the bankruptcy case and distribution of assets under the Plan. According to Travelers, the fact that it filed a proof of claim, participated in the main bankruptcy case, and failed to object to the Plan do not matter. For the reasons set out in this Response, Travelers is incorrect—the Court can determine this dispute and the Debtor has stated claims for which relief may be granted.

**ARGUMENT**

2. Travelers takes three main positions in the Motion: (i) the Court lacks jurisdiction to determine the rights of Travelers under the Letter of Credit; (ii) the Debtor does not have a justiciable interest with respect to the $30,108.00 security deposit held by Travelers (the "Security Deposit"); and (iii) Travelers' contingent and unliquidated claim cannot be determined because it is fully secured. The Debtor addresses each of these in turn.

A. **Jurisdiction to Determine Rights under the Letter of Credit (Motion ¶¶ 9-11)**

  i.) *The Court Has Subject Matter Jurisdiction.*

3. The Court's jurisdiction is not limited to assets of the Debtor's estate. United States district courts have original jurisdiction over any and all bankruptcy cases and other civil proceedings either (i) arising in or (ii) related to such bankruptcy case. 28 U.S.C. § 1334. The U.S. District Court for the Western District of Texas has conferred that jurisdiction onto this Court through its Order of Reference of Bankruptcy Cases and Proceedings dated October 4, 2013, as authorized by 28 U.S.C. § 157.

4. The Court's subject matter jurisdiction is broad. A proceeding "arises in" a bankruptcy case when it "involves a cause of action that is not expressly created by the bankruptcy

code, but nonetheless would have no existence outside of bankruptcy." *Lain v. Watt (In re Dune Energy, Inc.)*, 575 B.R. 716, 723 (Bankr. W.D. Tex. 2017) (citing *Wood v. Wood (In re Wood)*, 825 F.2d 90, 96-97 (5th Cir. 1987)); *see also United States Brass Corp. v. Travelers Ins. Grp., Inc. (In re United States Brass Corp.)*, 301 F.3d 296, 306 (5th Cir. 2002)). A proceeding is "related to" a bankruptcy proceeding when "the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *Id.* (quoting *In re Wood*, 825 F.2d at 93) (quotation marks omitted).

5. The action to determine Travelers' rights under the Letter of Credit both arises in and is related to the Debtor's main bankruptcy case. Actions to implement the provisions of a confirmed plan "arise in" a bankruptcy case. *In re Brass Corp.*, 301 F.3d at 306. The relief sought in the adversary proceeding amounts to implementing and consummating the Plan, which has been confirmed by the Court and became effective on February 1, 2020. Section 4.10.02 of the Plan contemplates determination of the allowed amount of Travelers' claim that would be satisfied through the Letter of Credit. Further, section 5.03.06 of the Plan provides that the "Plan Agent will be authorized to pursue Travelers for cancellation of the Letter of Credit and Prosperity Bank if the Certification of Deposit less any Allowed claim is not turned over to the Plan Agent for use in fulfilling [the] Plan." The Plan provides in Article XII that the Court will retain jurisdiction related to allowance of claims, plan implementation, adjudication of controversies pending at the time of confirmation, and issue injunctive relief to implement the intent of the Plan. Moreover, the relief sought would clearly have an effect on the bankruptcy estate, such that it still exists, because it is determinative of Prosperity's rights to the Certificate of Deposit and thus the respective rights of the estate.

6. It is immaterial that the Letter of Credit is not property of the bankruptcy estate. The issue was dispositive in the previous turnover motion because the cause of action alleged by the Debtor only applied to property of the estate. The authority cited in the Motion as contrary authority either supports the Debtor's position that this Court has subject matter jurisdiction, is inapposite, or is not persuasive.

7. In *EOP-Colonnade of Dall. Ltd. P'ship v. Faulkner (In re Stonebridge Techs., Inc.)*, 430 F.3d 260 (5th Cir. 2005), the Fifth Circuit held that the bankruptcy court had subject matter jurisdiction to consider whether a landlord creditor's draw of a letter of credit was appropriate. *Id.* at 266-68. Although one of the holdings of the appellate court was that Bankruptcy Code § 502(b)(6) did not limit the creditor's permissible draw under the letter of credit, this was because the creditor elected **_not_** to file a proof of claim. *See id.* at 271. Here, Travelers filed a proof of claim and thereby submitted the claim for which it could draw under the Letter of Credit to determination by this Court. Moreover, *Stonebridge* went on to analyze the validity of the claim for which the letter of credit was drawn. That is the same determination—albeit through a declaratory judgment action—that the Debtor seeks in this adversary proceeding.

8. *Kellog v. Blue Quail Energy, Inc. (In re Compton Corp.)*, 831 F.2d 586, 590 (5th Cir. 1987), was a preference case in which the Fifth Circuit reversed the bankruptcy court and district court decisions and held that a transfer made via a letter of credit was avoidable. The trustee acknowledged that a bank's payment under the letter of credit did not involve property of the estate but argued that the pledge in support of the letter of credit was avoidable with respect to the beneficiary of the letter of credit. *Id.* at 590. Essentially, the Fifth Circuit held that unsecured creditor could not skirt the preference statute by receiving payment of an antecedent debt through a letter of credit. *Id.* at 595. The case is inapposite.

4

9. *First Fidelity Bank, N.A. v. Prime Management Co., Inc (In re Prime Motor Inns, Inc.)*, 130 B.R. 610 (S.D. Fla. 1991), is the only case cited by Travelers that may support its position but it is not persuasive. In *Prime Motor Inns*, the U.S. District Court for the Southern District of Florida reversed a bankruptcy court and held that the bankruptcy court did not have subject matter jurisdiction to enjoin payment or distribution under letters of credit to which the debtors were not parties. *Id.* at 613. <u>First</u>, this adversary proceeding does not seek to enjoin payment under the Letter of Credit but rather a declaratory judgment of the parties' rights. <u>Second</u>, here there is a confirmed plan of reorganization that is binding on Travelers. <u>Third</u>, it seems that *Prime Motor Inns* is really about the statutory authority to enjoin the payment rather than subject matter jurisdiction, which is different. *See Texas v. Ysleta Del Sur Pueblo*, No. EP-17-CV-179-PRM, 2018 U.S. Dist. LEXIS 54042, at *22 (W.D. Tex. 2018) ("The Magistrate appears to suggest that because the State does not retain a right to pursue a cause of action under the Restoration Act, the Court lacks jurisdiction over this dispute. However, this reasoning conflates the Court's ability to grant relief to Plaintiff with the Court's jurisdiction to hear the case."). The Motion only asserts a lack of subject matter jurisdiction and does not argue that the Debtor has failed to state a claim for which relief can be granted. And <u>fourth</u>, even if the *Prime Motor Inns* was precisely on point, it would conflict with the Fifth Circuit's decision in *Stonebridge* where the appellate court analyzed its jurisdiction to determine rights under a letter of credit under 28 U.S.C. § 1334 and held that it had subject matter jurisdiction.

*ii.) <u>Collateral Estoppel Does Not Apply.</u>*

10. Collateral estoppel does not bar re-litigating subject matter jurisdiction here. Collateral estoppel under federal law requires three things: (1) the issue at stake must be identical to the one involved in the prior action; (2) the issue must have been actually litigated in the prior action; and (3) the determination of the issue in the prior action must have been a necessary part

of the judgment in that earlier action." *Mann Bracken, LLP v. Powers (In re Powers)*, 421 B.R. 326, 336 (Bankr. W.D. Tex. 2009) (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 868 (5th Cir. 2000)). At minimum, the first and last elements are not present.

11. The stakes are not identical. In this adversary proceeding, the Debtor is attempting to get to the same ultimate goal as in the prior turnover motion, but it is doing so through a different procedure, under a different cause of action, and is seeking different relief vis-à-vis Travelers. The Debtor is not asking for turnover of any property from Travelers.

12. Subject matter jurisdiction was also not a necessary part of the Court's order denying the turnover motion. Even if the Court considered subject matter jurisdiction, the turnover motion could have been denied on the independent grounds that (i) the relief sought needed to be requested through an adversary proceeding according to Bankruptcy Rule 7001(1) or (ii) 11 U.S.C. § 542 only applies to property of the estate.

13. Finally, even if collateral estoppel would otherwise apply, the confirmed Plan provides jurisdictional grounds for this adversary proceeding that did not exist at the time of the turnover motion. As noted above, the Plan contemplates this Court's determination of Traveler's claim, satisfaction of that allowed claim through the Letter of Credit, and the payment of the remaining proceeds of the Certificate of Deposit to the Plan Agent for distribution under the Plan.

**B. Justiciability of Rights to Cash Collateral (Motion ¶¶ 12-13)**

14. Although Travelers argues that the Debtor lacks "standing" with respect to the parties' rights to the $30,108.00 in deposits that Travelers is holding (the "Cash Collateral") what it is really arguing is whether the Debtor has any justiciable rights to the Cash Collateral. *See generally Reynolds v. Feldman (In re Unger & Assocs.)*, 292 B.R. 545, 550-51 (Bankr. E.D. Tex. 2003) (discussing the difference between standing, capacity, and real-party-in-interest). The

disposition of the Cash Collateral is determinative of Travelers' allowed claim under the Plan and therefore the Debtor has the capacity and is a real party in interest with respect to the determination of that claim. *See* Plan § 3.11.

15. Travelers admits that it is over-secured in total. Motion ¶ 14 ("[T]here will never be a claim, secured or unsecured, against the estate for an amount greater than the collateral[.]"). That is the reason for this adversary proceeding. Until Travelers' claim and its rights to the Cash Collateral and the Letter of Credit are adjudicated, Travelers will continue to tie up approximately $290,000 of assets when everyone knows and agrees that Travelers' will ultimately be entitled to less than this amount. Those are assets that can otherwise be distributed under the Plan.

16. Moreover, the Plan expressly authorizes the Plan Agent to pursue Travelers for resolution of the Letter of Credit and Prosperity Bank for the remaining proceeds of the Certificate of Deposit according to section 5.03.06 of the Plan. That requires resolving the rights with respect to the Cash Collateral. The Debtor and Plan Agent filed a joint motion to join the Plain agent as a named party plaintiff in this adversary proceeding [Adv. Dkt. No. 21].

C. **Undue Delay in the Administration of the Estate (Motion ¶¶ 12-13)**

17. Travelers has not and cannot establish as a matter of law that there will be no undue delay in the administration of the Debtors' estate and distribution according to the Plan. It is tying up approximately $290,000 of assets that could otherwise be distributed under the Plan for a claim that it admits will be less than that amount. Whether this delay is undue or not is a fact question that cannot be determined without evidence.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtor respectfully requests that the Court deny the Motion and grant such further relief as is just.

Dated: February 19, 2020

Respectfully submitted,

**BARRON & NEWBURGER, P.C.**

*/s/R. J. Shannon*
Barbara M. Barron (TBA No. 01817300)
Stephen W. Sather (TBA No. 17657520)
R. J. Shannon (TBA No. 24108062)
7320 N. MoPac Expwy., Suite 400
Austin, Texas 78731
Telephone: (512) 649-3243
Facsimile: (512) 47609253
bbarron@bn-lawyers.com
ssather@bn-lawyers.com
rshannon@bn-lawyers.com

*Attorneys for the Debtor*

**CERTIFICATE OF SERVICE**

       I hereby certify that on February 19, 2020, a true and correct copy of this Motion was served (i) by ECF notification on all parties registered to receive in the above captioned case and (ii) by first class U.S.P.S. mail or by email on the following parties:

| U.S.P.S. | Email |
|---|---|
| Prosperity Bank<br>c/o Charlotte M Rasche<br>80 Sugar Creek Center Blvd<br>Sugar Land, TX 77478 | Lisa C. Fancher<br>Fritz, Byrne, Head & Gilstrap<br>221 W. 6th St., Suite 960<br>Austin, TX 78701<br>lfancher@fbhg.law |
| The Travelers Indemnity Company<br>c/o Corporation Service Company<br>211 East 7th Street Suite 620<br>Austin, TX 78701-3218 | Alysia Wightman<br>Skelton & Woody<br>248 Addie Roy Rd #B-302<br>Austin, Texas 78746<br>agwightman@skeltonwoody.com |
| Travelers Property Casualty Co. of America<br>c/o Corporation Service Company<br>211 East 7th Street Suite 620<br>Austin, TX 78701-3218 | Ronald E. Ingalls, Plan Agent<br>P.O. Box 2867<br>Fredericksburg TX 78624-1927<br>ron@ingallstrustee.com |

                                                     */s/R. J. Shannon*
                                                     R. J. Shannon