## THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| In re:<br><br>**FIRED UP, INC**<br><br>Debtor. | )<br>)<br>)<br>)<br>)<br>) | **Case No. 16-10816-tmd**<br><br>**(Chapter 11)** |
| **FIRED UP, INC,** a Texas corporation,<br><br>Plaintiff,<br><br>v.<br><br>**THE TRAVELERS INDEMNITY COMPANY**, a Connecticut corporation, **TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA**, a Connecticut corporation, and **PROSPERITY BANK**, a Texas state financial institution.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Adv. Pro. No. 19-01072** |

## DEFENDANTS THE TRAVELERS INDEMNITY COMPANY AND TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S
## REPLY TO DEBTORS RESPONSE TO DEFENDANTS' MOTION TO DISMISS
## UNDER RULE 12(b)(1) and 12(b)(6)

The Travelers Indemnity Company and Travelers Property Casualty Company of America (collectively "Travelers"), Defendants in the above-captioned adversary proceeding, pursuant to Rule 12(b)(1) and in the alternative 12(b)(6), of the Federal Rules of Bankruptcy Procedure, files this Reply to Debtor's Response to Defendants' Motion to Dismiss, and in support thereof would show as follows:

1. <u>**Subject Matter Jurisdiction cannot be Conferred by a Plan of Reorganization Beyond That Provided By Congress.**</u>

Debtor incorrectly states that this Court has "related to" jurisdiction over this adversary proceeding to determine the rights of Travelers under the letter of credit contract between Travelers and Prosperity Bank. *See* Debtor's Response at 2-4. Debtor further strains this argument by asserting such jurisdiction is granted and reserved in the Amended Plan of Reorganization dated December 11, 2019 ("Amended Plan"). Response at 3 ¶ 5. ("The relief sought in the adversary proceeding amounts to implementing and consummating the Plan . . . Section 4.10.02 of the Plan contemplates determination of the allowed amount of Travelers' claim that would be satisfied through the Letter of Credit"[1] and "section 5.03.06 of the Plan provides that the Plan Agent will be authorized to pursue Travelers for cancellation of the Letter of Credit . . . for use in fulfilling the Plan"). Debtor's effort to bootstrap subject matter jurisdiction fails. First, law of the case in the Bankruptcy Case No. 16-10816-tmd is that the Court does not have subject matter jurisdiction over the letter of credit contractual relationship between Prosperity Bank and Travelers ("LOC"), and *collateral estoppel* precludes re-litigation of that issue here. *See* Order of the Court denying Debtor's *Motion to Authorize Setoff and for Turnover* [ECF 462]; *See North Georgia Electric Membership Corporation v. City of Calhoun,* 989 F.2d 429, 432-433 (11th Cir. 1993); *Offshore Sportswear v. Vuarnet International,* 114 F.3d 848, 851 (9th Cir. 1997).

Second, the Amended Plan cannot confer jurisdiction on the Bankruptcy Court over a matter in which it has none. "[T]he source of the bankruptcy court's subject matter jurisdiction is neither the Bankruptcy Code nor the express terms of the Plan. The source of the bankruptcy court's

---

[1] Section 4.10.02 actually states "Travelers will be paid in full *from the Certificate of Deposit* through the Letter of Credit" (emphasis added). This is an incorrect statement of how Travelers will be paid. Travelers is not a party to the certificate of deposit agreement between the Debtor and Prosperity Bank.

jurisdiction is 28 U.S.C. §§ 1334 and 157...." *In re U.S. Brass Corp.*, 301 F.3d 296, 303 (5th Cir. 2002); *In re Haws,* 158 B.R. 965, 969 (Bankr.S.D.Tex.1993) ("Regardless of how that plan provision may read, a reservation of jurisdiction beyond what Congress has given or what is necessary to effectuate the debtor's reorganization plan exceeds the power of the bankruptcy court."). Jurisdiction of the Bankruptcy Court may not be expanded by the Court's own action. *Id. See also In re Wood,* 825 F.2d 90 (5th Cir.1987) (discussing federal courts' bankruptcy jurisdiction). It is well established that a letter of credit and the proceeds therefrom are not property of the debtor's estate under 11 U.S.C. § 541. *In re Stonebridge,* 430 F.3d at 269 ("Insofar as letters of credit embody obligations between the issuer and beneficiary, such contractual rights and duties are entirely separate from the debtor's estate"); *See In re Prime Motor Inns, Inc.*, 130 B.R. 610, 613 (S.D. Fla. 1991) (28 U.S.C. §§ 1334 and 157 confer jurisdiction only with regard to contracts or affairs of the Debtors and not to contracts or disputes between third parties). Debtor's assertion in its Response at page 4, ¶6 that "it is immaterial that the Letter of Credit is not property of the estate" is entirely erroneous. *Id.*

Further, Debtor's discussion of *In re Stonebridge* as allowing the Court to exercise "related to" jurisdiction over the LOC because Travelers filed a proof of claim is directly contrary to the holding in that case. *See* Response at page 4, ¶7. The *Stonebridge* Court held it had jurisdiction over the breach of Lease Agreement claim because "[t]he Lease *is property of the bankruptcy estate* in this case and, therefore, any breach of the Lease has an effect on the estate. Any recovery on the claims brought by the bankrupt for breach of the Lease goes directly to the estate for damage done to the estate." 430 F.3d at 266 (emphasis added). In discussing the letter of credit before it, the *Stonebridge* Court reaffirmed well settled law that a letter of credit is not property of the bankruptcy estate as is the Lease. *Id.* at 269 ("It is well-established in this circuit that letters of

credit and the proceeds therefrom are not property of the debtor's bankruptcy estate.").  In the exercise of its jurisdiction over *the Lease*, the *Stonebridge* Court was interpreting the damages cap of §502(b)(6) related to leases which requires a claim to be filed against the *assets of the estate* to be applicable.  *Id.* at 270 ("Stated simply, the claim of a lessor *against the assets of the estate* is an essential precondition to applying the damages cap at all")(emphasis added).

Debtor is also incorrect that *Stonebridge* involved a declaratory judgment action; rather, the case involved claims of breach of contract and negligent misrepresentations in connection with a lease and lessor's draw on the letter of credit.  *Id.*  That was context in which the Court was discussing the proceeds of the subject letter of credit, i.e., to determine if a breach occurred under the Lease – the court did not adjudicate the lessor's rights under the letter of credit contract.  *Id.* Travelers filing of a proof of claim cannot enlarge the Bankruptcy Court's jurisdiction to include adjudication of rights to assets not property of the estate such as the LOC here.  *In re Haws*, 158 B.R. at 971 ("The obvious answer is that subject matter jurisdiction cannot be conferred on a federal court solely by consent of the parties."); *In re Stonebridge*, 430 F.3d at 269 n. 6 ("The filing of a proof of claim serves no purpose *if the creditor is secured* or has not asserted a claim against the [assets of the] estate.") (emphasis added).[2]

As stated by the court in the case of *In re Prime Motor Inns, Inc.*, 130 B.R. 610, 614 (S.D. Fla. 1991):

> Although Congress gave this Court and the Bankruptcy Court expansive powers to protect debtors, no provision of law permits interference with letter of credit contracts to which no debtor is a party. . . . the bondholders' bargain was to receive payment of all they were owed if there was a bankruptcy filing and to shift to the issuing banks the burden and risk of participating as creditors in bankruptcy

---

[2] The Debtor also factually distinguishes the case of *Kellogg v. Blue Quail Energy, Inc*. (In re Compton Corp.), 831 F.2d 586, 589 (5th Cir.1987).  *See* Response at page 4, ¶8   However, Travelers cited that case for the general proposition that the LOC is not property of the bankruptcy estate.  The case in not inapposite as to that well settled statement of the law.

proceedings. These bondholders justifiably expected, consistent with the purposes of the letters of credit, to be out of the picture once Prime filed under Chapter 11. . . . This Circuit and many other courts have emphasized the public interest that letters of credit serve. (cite omitted). In order for letters of credit to accomplish their intended purpose of shifting the risk of loss from the bondholders to the banks who issued the letters of credit, there must be certainty of timely payment by those banks upon an event of default without the interference of the courts.

In accordance with the authorities cited above, Debtor's **Count Three** seeking to determine the rights of Travelers under the LOC should accordingly be dismissed for lack of subject matter jurisdiction.

2. **The Court Lacks Jurisdiction Because the Claims Asserted do not Fall Within the Bankruptcy Court's Post-Confirmation Jurisdiction.**

Further as to all counts, including **Count Two** requesting the Court offset Travelers claim by the $30,180.00 in cash collateral held by Travelers, and **Count One** requesting estimation of Travelers' claim under section 502(c) of the Bankruptcy Code, the court lacks subject matter jurisdiction for the reason that the Debtor's estate no longer is in existence due to confirmation of the Amended Plan. *See* Order Confirming Debtor's Amended Plan of Reorganization Dated December 27, 2019 [Doc# 532].  In that regard, the Fifth Circuit in *In re Craig's Stores of Texas, Inc.*, 266 F.3d 388, 390–91 (5th Cir. 2001) held:

> After a debtor's reorganization plan has been confirmed, the debtor's estate, and thus bankruptcy jurisdiction, ceases to exist, other than for matters pertaining to the implementation or execution of the plan. *In re Fairfield Communities, Inc.*, 142 F.3d 1093, 1095 (8th Cir.1998); *In re Johns–Manville Corp.*, 7 F.3d 32, 34 (2d Cir.1993). No longer is expansive bankruptcy court jurisdiction required to facilitate "administration" of the debtor's estate, for there is no estate left to reorganize. This theory has antecedents in our court's jurisprudence, which has observed that the reorganization provisions of the former Bankruptcy Act "envisage[ ] that out of the proceedings will come a newly reorganized company capable of sailing forth in the cold, cruel business world with no longer the protective wraps of the federal Bankruptcy Court." *In re Seminole Park & Fairgrounds, Inc.*, 502 F.2d 1011, 1014 (5th Cir.1974). Because it comports more closely with the effect of a successful reorganization under the Bankruptcy Code than the expansive jurisdiction cases, we adopt this more exacting theory of post-confirmation bankruptcy jurisdiction.

Debtor's claim under **Count Two** for a setoff as to the $30,180.00 in cash collateral held by Travelers is not expressly made a part of the Amended Plan.  That is because Debtor has acknowledged that it has no right to the collateral and there is no excess that would inure to the benefit of the estate or reorganized Debtor.  Likewise, as to **Count One** requesting an estimation of Travelers' claim under section 502(c), there will never be a claim, secured or unsecured, for an amount greater than the collateral held by Travelers, i.e. the cash collateral of $30,180 (of which the Debtor has no justiciable interest and that is not a part of the Amended Plan) and the LOC (which is not property of the estate and also not a part of the Amended Plan).  Travelers claim will never result in a delay in the administration of the estate or bear on the administration of the Amended Plan because Travelers is fully collateralized, in large part by the LOC that is not subject to administration under the Amended Plan.  Thus, such claims do not bear on the interpretation or execution of the Debtor's Amended Plan and accordingly do not fall within the Bankruptcy Court's limited post-confirmation jurisdiction.  Because the Court lacks subject matter jurisdiction, all claims asserted by the Debtor against Travelers in the adversary proceeding should be dismissed.

[*Remainder of Page Intentionally Left Blank*]

Dated: March 5, 2020                              Respectfully submitted,

                                         SKELTON & WOODY
                                         248 Addie Roy Road, Suite B-302
                                         Austin, Texas 78746
                                         Telephone:    (512) 651-7000
                                         Facsimile:    (512) 651-7001

                                         By: /s/ Alysia G. Wightman
                                         J. Hampton Skelton
                                         State Bar No. 18457700
                                         hskelton@skeltonwoody.com
                                         Alysia Wightman
                                         State Bar No. 00785245
                                         agwightman@skeltonwoody.com
                                         **ATTORNEYS FOR THE TRAVELERS
                                         INDEMNITY COMPANY AND
                                         TRAVLERS PROPERTY CASUALTY
                                         COMPANY OF AMERICA**

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2020, a true and correct copy of the foregoing document was served by ECF notification on all parties registered to receive in the above captioned case:

Lisa C. Fancher
Fritz, Byrne, Head & Gilstrap
221 W. 6th St., Suite 960
Austin, TX 78701
lfancher@fbhg.law

Barbara M. Barron
R.J. Shannon
Stephen W. Sather
BARRON & NEWBURGER, P.C.
7320 N. MoPac Exp., Suite 400
Austin, Texas 78731
rshannon@bn-lawyers.com
bbarron@bn-lawyers.com
ssather@bn-lawyers.com

Ronald E. Ingalls, Plan Agent
P.O. Box 2867
Fredericksburg TX 78624-1927
ron@ingallstrustee.com

*/s/ Alysia G. Wightman*
Alysia G. Wightman