**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: March 10, 2020**

_____
**TONY M. DAVIS
UNITED STATES BANKRUPTCY JUDGE**
_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 16-10816-TMD |
| FIRED UP, INC, | § | CHAPTER 11 |
|     Debtor. | § | |

| | | |
|---|---|---|
| FIRED UP, INC.; RONALD INGALLS | § | |
|     Plaintiffs, | § | |
| | § | ADV. NO. 19-01072-TMD |
| v. | § | |
| | § | |
| THE TRAVELERS INSURANCE | § | |
| COMPANY OF CONNECTICUT; | § | |
| TRAVELERS PROPERTY CASUALTY | § | |
| CORP; PROSPERITY BANK, | § | |
|     Defendants. | § | |

**ORDER DENYING MOTION TO DISMISS AND ORDERING MEDIATION**

On January 29, 2020, Travelers Indemnity Company filed a motion seeking dismissal of this adversary proceeding [ECF No. 12], arguing, in part, that this Court had previously ruled that it lacked subject matter jurisdiction over the Letter of Credit that forms the basis of this adversary proceeding [ECF No. 12]. This Court did previously hear arguments related to the Letter of Credit in connection with the Debtor's Motion to Authorize Setoff and for Turnover [16-10816, ECF No.

1

449]. But contrary to Travelers' contention, this Court did not rule on the jurisdictional issue raised by Travelers in the prior hearing; it only denied the motion without prejudice to requesting the relief in the form of an adversary proceeding [ECF No.462]. It is a hazardous business to presume the basis for a court's decision, and then lecture the court based on that presumption.

Although the Court does agree that jurisdiction becomes more limited after confirmation, this is a matter that affects the estate and therefore the Court has jurisdiction. The motion to dismiss should be denied.

The Court has also reviewed the Insurance Program Agreement attached to the motion to dismiss, which Travelers failed to discuss in the motion [ECF No. 12-2]. The agreement gives Travelers the sole discretion, absent bad faith, to determine what collateral is needed for the Insurance Program (including the Letter of Credit) [ECF No. 12-2, pg. 18]. Failing to describe why Travelers should be able to hold onto its collateral until the year 2099 reeks of bad faith. Therefore, the Court finds that the parties should be ordered to conduct an in-person mediation.

ACCORDINGLY, IT IS ORDERED that the Motion to Dismiss [ECF No. 12] is denied.

IT IS FURTHER ORDERED that the parties conduct an in-person mediation. The parties should confer and agree on a mediator, but if they are unable to agree, the Court will choose the mediator.

# # #